Clarence L. **NEELY** and Neely Manufacturing Co., Inc., Appellants,

v.

**BOLAND MANUFACTURING CO.**, a corporation, Appellee.

**No. 16191.**

United States Court of Appeals
Eighth Circuit.

Jan. 19, 1960.

Rehearing Denied March 22, 1960.

Donald H. Zarley, Des Moines, Iowa, for appellant.

Charles B. Cannon, Chicago, Ill., for appellee.

Before SANBORN, VAN OOSTERHOUT and MATTHES, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment for the defendant, Boland Manufacturing Company, an Illinois corporation, of Winona, Minnesota, in an action brought against it by Clarence L. Neely and Neely Manufacturing Co., Inc., an Iowa corporation, of Corydon, Iowa, charging trade-mark infringement and unfair competition in connection with the manufacture and sale of unpatented plastic garment bags or garment covers with diagonal slide-fastener or zipper openings. Jurisdiction was based on 15 U.S.

C.A. § 1121, as well as on diversity of citizenship and amount in controversy.

Clarence L. Neely, having assigned his rights and claims to the corporate plaintiff, was, without objection, dismissed from the case. The actual controversy, then, was, and still is, between the corporate parties to the action and to this appeal. For convenience, the Neely Manufacturing Co., Inc., which has succeeded to the business, trade-mark rights and claims connected with the garment bag business originated by Clarence L. Neely in 1948, will be referred to as "Neely"; and the defendant, as "Boland".

Neely has, since late in 1948, made and sold, as its principal product, plastic garment bags with diagonal zipper openings. It has used three registered trademarks: "Jiffy by Neely", No. 629,314, for "Plastic Garment Bags", registered June 26, 1956; "Jiffy", No. 231,977, for "Garment Bags of Paper", registered to Lewy Chemical Company August 30, 1927, renewed August 30, 1947, and assigned to Neely March 30, 1954; and "Kat-E-Korner Zipper", No. 558,903, for "Flexible Synthetic Sheet Garment Storage Bag", registered May 13, 1952.

Since late in 1949 or early in 1950, Neely, in marketing its individual garment bags, has used a white cardboard box having a diagonal cellophane window-opening in its front, slanting downwardly toward the left-hand lower corner of the box. In the upper left-hand corner of the box-front is a line drawing of a garment bag with a man's coat inside of it. At the lower left corner appears in large type, "On and Off So Easy Via Kat-E-Korner Zipper." At the lower right corner appears in large type, "Your Suit is Always Ready to Wear in a JIFFY by Neely SUIT COVER, Dust-Proof with Kat-E-Korner Zipper." On the lower end of the box appears in large type, "JIFFY". Neely has continuously used on its box the slogan, "Your Suit is Always Ready to Wear." It is clear that the outstanding distinctive features of the Neely box are the diagonal cellophane window and the line drawing.

Neely has never made or sold paper garment bags, but has, since its acquisition of the trade-mark "Jiffy", used that mark in marketing its plastic bags. Neely has spent substantial sums of money in advertising and for the packaging of its product.

Boland entered the plastic garment bag market in competition with Neely in 1953. In the past it had done business with Neely with respect to rainwear, and had a commission salesman named Gust Bergquist, who had also represented Neely and may have been and probably was representing Neely at the same time he represented Boland. Bergquist was advised of Boland's new product, and all of Boland's salesmen were asked for their opinions or reactions to it. Boland knew that Neely was making a garment bag with a diagonal zipper, and the President of Boland had seen a Neely bag in a store in Rochester, Minnesota. Neely believes—not without justification—that Bergquist conspired with Boland to copy or imitate Neely's garment bags and its means for marketing them.

The Boland plastic garment bags were, as the evidence showed and the court found, virtual duplicates of those produced by Neely. A comparison of the bags in evidence disclosed no substantial difference in appearance. The court also found that the bags were packaged in similar cartons.

The box or carton first used by Boland for the packaging of its bags was made of cardboard with brown and white rectangles on the front and back, and without any cellophane window. It carried Boland's trade-mark "KWIK ZIP"; the words "SUIT BAG" in large type; and the words "by Boland" in small type; under which appeared large illustrations of two garment bags with diagonal zippers, one containing a man's coat, and the other a woman's dress. Under these illustrations appeared, in large type, the words, "With Diagonal Zipper." In the lower left-hand corner, in a brown rectangle, appeared the printed words, "Diagonal Zipper", "Dust-Proof", and

"Waterproof". In a white rectangle at the lower right-hand corner, in very large type, were the words "TRAVEL-STORAGE BAG"; underneath which, in smaller type, were the words, "No Need to Struggle—Just Zip It Over—Slips on Easier." There was virtually no resemblance between this package of Boland and the package used by Neely, except in size and shape, and perhaps in the significance of some of the language appearing on it. The illustrations on the Boland box were unlike the line drawing appearing on the Neely box.

Boland used its original type of box for about two years, and then changed to a new box, which, in shape, color and dimensions, is an exact duplicate of the Neely box, with its characteristic cellophane window and a single line drawing of a garment bag with a man's coat inside of it. Boland knew that Neely used the diagonal window and the line sketch on its boxes. The similarities in the two boxes are the window, the line drawing, and the words, "Suit Cover" and "Always Ready to Wear". The President of Boland testified that its box was "fairly similar" to the Neely box. Boland used the words "Diagonal Zipper" with knowledge that Neely called its zipper "Kat-E-Korner Zipper". Boland adopted the trade-mark "Kwik Zip" with knowledge that Neely was using "Jiffy" on its garment bags. Neely notified Boland by letter of March 14, 1955, that it was infringing the trade-mark "Kat-E-Korner Zipper", and on April 1, 1955, counsel for Neely wrote Boland that, in simulating Neely's product, it was infringing the trade-mark and engaging in unfair competition.

The gist of Neely's grievance against Boland can be deduced from correspondence in the record. We quote the following from a letter of April 4, 1955, written by Amelia Schultz, Secretary of Boland, to counsel for Neely, in reply to his letter of April 1, 1955:

"Mr. Dick, I would like to say a few things which I would prefer to be considered 'off the record'. Actually, we did not copy Neely's bag.

We copied a bag with a diagonal zipper closure which was manufactured by a competitor of both Mr. Neely and our company. If I'm not mistaken, there's a man in Montana who holds a patent on a diagonal opening. We've made bags for him and his patent number had to be stamped on each bag before shipping. The Boland Mfg. Co. has been in the plastic business for 15 years—we've made garment bags with various openings (including diagonal) in various weights of vinyl both clears and prints as well as in various weights of polyethylene. To say that we're infringing on anyone's rights in this respect just doesn't seem right."

In a letter of September 20, 1955, written by an attorney for Neely to an attorney for Boland, captioned, "Re: Neely Mfg. Company vs. Boland Mfg. Co.", appears the following:

"I have received your letter of August 15, 1955, relative to the above matter and I agree that in the many years past it was perfectly legal to copy the item of another that was not tied down by a patent. Recently, however, both lawyers and the Courts recognize the doctrine of undue enrichment and unfair business practice by simulating the well known product of another.

"From time to time both you and Boland Mfg. Company have referred to some purported patent owned by someone living in Montana. I am unable to find any patent, foreign or domestic, on a diagonal cater-cornered zipper bag. Inasmuch as all of you seem to be familiar with this patent, advise me by return mail either the year in which it was issued or the actual patent number."

On January 18, 1956, this same attorney for Neely wrote another letter to the attorney for Boland relative to the controversy, in which he said:

"You are familiar with the situation. First I was advised, as an excuse for copying my client's prod-

uct, that the idea was copied by your client from somebody out West. I have repeatedly asked for information on this phase and of course never got it.

"It is this copying of another's product and then making an inferior product that I object to. I have already called your attention to the objection to the practice of your client of simulating the well known and advertised product of another.

"Now I have before me the cardboard package that your client is using to sell his coat covers. Again we have a direct copy in size, style and appearance. No change. My client and yours has a cellophane window of exactly the same design, size, shape and arrangement. Your client has also copied the drawings of the suit cover with a coat inside it. The Neely Mfg. Co. uses this phrase 'your clothing is always ready to wear'. Your client uses 'always ready to wear'. Your client uses the diagonal zipper data copied from my client.

"Really, doesn't your client have any imagination at all? This simulating and copying in every respect, both as to product and box, is just not cricket.

"Apparently your client wants litigation and Mr. Neely is going to see that he is accommodated. However, before any positive action is taken I thought that it would be well to again write you. It is requested that you send a copy of this letter to your client and see if something cannot be worked out as a last chance before litigation that is surely to come about."

Had this lawsuit been confined to the actual controversy between the parties, reduced to its lowest terms, it would have been a fairly simple case to try and to decide, but many other issues of fact and law were raised which made it confusingly complicated.

Stated briefly and generally, what the trial court determined was: (1) That Neely's trade-mark "Jiffy", registered for use on "Garment Bags of Paper", is invalid because of non-use and abandonment, and should be cancelled; (2) that the trade-mark "Jiffy by Neely" is valid, but "by Neely" is an essential part of it; (3) that Neely's trade-mark "Kat-E-Korner Zipper" is invalid because descriptive; (4) that Boland's trade-mark "Kwik Zip" does not infringe Neely's trade-marks "Jiffy" and "Jiffy by Neely"; (5) that Boland's use of the words "Diagonal Zipper" is descriptive and not a trade-mark use, and does not infringe Neely's trade-mark "Kat-E-Korner Zipper"; (6) that Neely's claimed design trade-mark, consisting of the line drawing of a garment bag containing a man's coat, application for the registration of which is pending in the United States Patent Office, is invalid and void because illustrative of the way in which the bag is used; (7) that Neely is not entitled to a monopoly of any features of its garment bags with diagonal zippers, nor its packaging or sales promotional materials; (8) that Neely's charges of a "breach of confidential relationship" arising out of the connection of Gust Bergquist, a salesman, with both Neely and Boland, are not sustained by the evidence; (9) that the evidence of alleged confusion between Boland's garment bags and those of Neely is inadequate; (10) that Neely's evidence as to sales of its garment bags and its expenditures for packaging, advertising and sales promotional materials does not establish that its trade-marks had acquired a secondary meaning; (11) that every feature of Neely's garment bag, including its diagonal opening, is functional and not susceptible of appropriation; (12) that Boland is entitled to use Neely's alleged design trade-mark (line drawing of a garment bag) on its packaging and its advertising and on its sales promotional materials; (13) that the alleged design trade-mark of Neely is not a trade-mark and is not entitled to registration; (14) that the claim that Boland has competed unfairly with Neely or infringed upon its rights is not sustained by the evidence; and (15) that Boland

is entitled to a judgment dismissing Neely's complaint, and determining that Neely's trade-mark "Jiffy" is invalid for non-use and abandonment and should be cancelled; that Neely's trade-mark "Jiffy by Neely" is valid, but has not been infringed by Boland; that Neely's trade-mark "Kat-E-Korner Zipper" is invalid and should be cancelled; and that Neely's claimed design trade-mark is void and should be denied registration. Judgment was entered accordingly.

It should be said that the invalidation of Neely's trade-marks "Jiffy" and "Kat-E-Korner Zipper", and its alleged design trade-mark, was prayed for by Boland in a counterclaim for a declaratory judgment set up in its answer.

In its points relied upon for reversal, Neely asserts that the District Court erred in determining: (1) that Neely is not entitled to a monopoly in any parts or features of its diagonal-opening garment bags; (2) that Neely has not sustained by evidence the charges of the alleged breach of a confidential relationship growing out of Bergquist's conduct; (3) that its alleged design trade-mark is invalid; (4) that Neely's trade-mark "Jiffy by Neely" is not infringed, and that its trade-marks "Jiffy" and "Kat-E-Korner Zipper" are invalid and not infringed; and (5) that the evidence does not establish that Neely had ever lost a sale of garment bags or suffered damage as a result of Boland's activities.

■ Neely is not entitled to a retrial of this case by this Court, and, insofar as the issues tried and determined were, under the evidence, doubtful issues of fact for the trial court, its determination of those issues is binding on this Court.

■ "In a nonjury case, this Court may not set aside a finding of fact of a trial court unless there is no substantial evidence to sustain it, unless it is against the clear weight of the evidence, or unless it was induced by an erroneous view of the law." Cleo Syrup Corporation v. Coca-Cola Co., 8 Cir., 139 F.2d 416, 418, 150 A.L.R. 1056. See, also, Seven Up Co. v. Cheer Up Sales Co. of St. Louis, Mo., 8 Cir., 148 F.2d 909, 911; Pendergrass v. New York Life Ins. Co., 8 Cir., 181 F.2d 136, 137–138. The Supreme Court has said: "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746.

■ Whether Boland's trade-mark "Kwik Zip" is so similar to the trade-marks "Jiffy" and "Jiffy by Neely" that it is likely to deceive purchasers and cause them to buy the product of Boland in the belief that it is the product of Neely, was, we think, a question of fact for the trial court, and is not a question of law for this Court. Seven Up Co. v. Cheer Up Sales Co. of St. Louis, Mo., supra, at page 911 of 148 F.2d. We are also of the opinion that the question whether the trade-marks used by Neely in marketing its garment bag with diagonal zipper had come to have a secondary meaning such as to preclude Boland from simulating such bags, was a question of fact. We agree that the evidence did not warrant a conclusion that the trade-marks of Neely had come so strongly to signify to the public that Neely was the single source of such bags as to preclude Boland from making and selling similar bags, if adequately distinguished from those of Neely. "But the imitator of another's goods must sell them as his own production. He cannot lawfully palm them off on the public as the goods of his competitor. The manufacturer or vendor is entitled to the reputation which his goods have acquired and the public to the means of distinguishing between them and other goods; and protection is accorded against unfair dealing whether there be a technical trade-mark or not. The wrong is in the sale of the goods of one manufacturer or vendor as those of another. Elgin National Watch Co. v. Illinois Watch Case Co., 179 U.S. 665, 674, 21 S.Ct. 270, 45 L.Ed. 365." William R. Warner & Co. v. Eli Lilly & Co.,

265 U.S. 526, 531–532, 44 S.Ct. 615, 618, 68 L.Ed. 1161. See, also: Kellogg Co. v. National Biscuit Co., 305 U.S. 111, 118–119, 122–123, 59 S.Ct. 109, 83 L.Ed. 73; J. C. Penney Co. v. H. D. Lee Mercantile Co., 8 Cir., 120 F.2d 949, 954–955; Skinner Mfg. Co. v. Kellogg Sales Co., 8 Cir., 143 F.2d 895, 899; Sargent & Co. v. Welco Feed Mfg. Co., Inc., 8 Cir., 195 F.2d 929, 933–934.

■ The conclusion of the trial court that Boland could use the words "Diagonal Zipper" in connection with the sale of its bags, without infringing Neely's trade-mark "Kat-E-Korner Zipper", was warranted, since "diagonal" truthfully described Boland's zipper. See and compare: Prestonettes, Inc. v. Coty, 264 U.S. 359, 368, 44 S.Ct. 350, 68 L.Ed. 731; Skinner Mfg. Co. v. Kellogg Sales Co., supra, at page 898 of 143 F.2d, and cases cited.

■ Whether the evidence warranted a finding of a breach of a confidential relationship growing out of the conduct of Bergquist in connection with his employment and claimed betrayal of Neely, which could be attributed to and visited upon Boland, was also, we think, for the trial court to determine.

■ We do not agree with the trial court that Neely's trade-mark "Jiffy", which has been continuously used by it on its plastic garment bags, is invalid because it was not used on paper garment bags. "Jiffy" was clearly subject to adoption and use by Neely as a trademark for a plastic garment bag.

■ We regard Neely's trademarks "Jiffy" and "Jiffy by Neely" as being, in legal effect, identical. The words "by Neely" are an insignificant addition to the word "Jiffy", as is shown by the registration of the mark. Surely, anyone using the word "Jiffy" on garment bags would infringe the trade-mark "Jiffy by Neely", and the use of the latter mark on such bags would infringe the trade-mark "Jiffy". That "Jiffy" was registered for use with paper garment bags, is, we think, of no material significance. It is the use in business of a trade-mark, and not its adoption or registration, that gives it validity and entitles it to protection. See: In re Trade-Mark Cases, 100 U.S. 82, 94, 25 L.Ed. 550; American Steel Foundries v. Robertson, 269 U.S. 372, 376, 46 S.Ct. 160, 70 L.Ed. 317; Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 322, 59 S.Ct. 191, 83 L.Ed. 195; Brown & Bigelow v. B·B Pen Co., 8 Cir., 191 F.2d 939, 942. We are satisfied that the trial court erred in holding the trade-mark "Jiffy" invalid because of non-use and abandonment.

The trial court having determined that Boland had not infringed any of Neely's trade-marks, it would seem that the question of their validity became academic and no longer constituted a justiciable controversy for the solution of which a declaration was necessary. In the case of Seven Up Co. v. Cheer Up Sales Co. of St. Louis, Mo., supra, at page 913 of 148 F.2d, this Court said:

"In their briefs the parties concur that the decision on infringement of plaintiff's trade-marks controls decision on the issue of cancellation of defendants' trade-mark. Since we have found that defendants' trade-mark does not infringe it follows that plaintiff is not entitled to cancellation."

■ We think that the District Court might well, in the exercise of a sound discretion, have declined to rule upon the questions of the validity of the trade-mark "Kat-E-Korner Zipper" and whether the alleged design trade-mark of Neely was or was not valid and subject to registration, questions raised by Boland's counterclaim. Apparently, however, it was not error to decide those questions, in view of Altvater v. Freeman, 319 U.S. 359, 363, 63 S.Ct. 1115, 1117, 87 L.Ed. 1450, a patent case, in which it was said: "Though the decision of non-infringement disposes of the bill and answer it does not dispose of the counterclaim which raises the question of validity." See, also, Hawley Products Co. v. United States Trunk Co., Inc., 1 Cir., 259 F.2d 69, 75–76.

It is our opinion that the trial court was justified in ruling that "Kat-E-Korner" was a phonetic spelling or misspelling of "cater-corner", meaning diagonal, and was therefore descriptive and not subject to appropriation or registration as a trade-mark.

We are unwilling to hold, as a matter of law, that the exact line drawing of the Neely bag, which drawing has been continuously used by Neely upon the boxes in which its garment bags have been packed, is not sufficiently distinctive to be subject to appropriation, use and registration as a design trade-mark. That is not to say that a maker of garment bags may not use an illustration of his bag upon his package, but it does mean that he cannot, with impunity, simulate the line drawing used by Neely to distinguish its package and sales promotional materials from those of other makers of similar bags. In any event, we think the question whether Neely's design trade-mark is or is not entitled to registration is primarily one for the Commissioner of Patents to decide, under the applicable law and his rules and regulations.

For the purpose of this opinion, we shall accept the trial court's determination that Boland has not actually infringed any of Neely's registered trade-marks. That leaves for decision the question of unfair competition. Had Boland done nothing more than imitate the garment bags of Neely, we think the conclusion of the trial court that Boland had not competed unfairly with Neely could be sustained.

"Sharing in the goodwill of an article unprotected by patent or trade-mark is the exercise of a right possessed by all—and in the free exercise of which the consuming public is deeply interested." Kellogg Co. v. National Biscuit Co., supra, at page 122 of 305 U.S., at page 115 of 59 S.Ct. See, also, J. C. Penney Co. v. H. D. Lee Mercantile Co., supra, at page 955 of 120 F.2d.

When Boland, in addition to imitating the garment bags of Neely, copied the box or package in which Neely's bags were sold, with its distinctive cellophane window, together with the line drawing and some of the language long used by Neely to characterize its box, Boland went too far, and clearly, we think, engaged in unfair competition with Neely. In a case such as this—contrary to what the trial court seems to have assumed—it is not necessary to prove that purchasers have actually been confused. The test is whether there is likelihood of confusion or deception. Kann v. Diamond Steel Co., 8 Cir., 89 F. 706, 707; Ralston Purina Co. v. Saniwax Paper Co., D.C.W.D.Mich., 26 F.2d 941, 944; My-T Fine Corporation v. Samuels, 2 Cir., 69 F.2d 76, 77; Cleo Syrup Corporation v. Coca-Cola Co., supra, at page 419 of 139 F.2d; Dwight S. Williams Co., Inc. v. Lykens Hosiery Mills, Inc., 4 Cir., 233 F.2d 398, 401; G. D. Searle & Co. v. Chas. Pfizer & Co., Inc., 7 Cir., 265 F.2d 385, 387–388. The facts which will support a suit for infringement of a trade-mark and one for unfair competition are substantially the same. Armstrong Paint & Varnish Works v. Nu-Enamel Corp., supra, at page 325 of 305 U.S., at page 196 of 59 S.Ct.

It seems obvious to us that similar goods, packed in similar containers having distinctive features, by competing manufacturers, are not only likely, but are almost certain, to cause purchasers to become confused as to the source of the goods. The conclusion of the trial court that Boland had not engaged in unfair competition with Neely, we regard as contrary to the evidence and based upon a misconception of the applicable law. See and compare, Dwight S. Williams Co., Inc. v. Lykens Hosiery Mills, Inc., supra, at page 402 of 233 F.2d. That the simulation by Boland of the Neely box was deliberate, is, we think, apparent.

We hold that Boland exceeded the bounds of fair competition when it packed its goods in virtually the same containers as had long been used by Neely and which were calculated to deceive intending purchasers and lead them to believe they were buying goods produced

by Neely. See and compare, Coats v. Merrick Thread Co., 149 U.S. 562, 566, 13 S.Ct. 966, 37 L.Ed. 847.

The judgment of the District Court is reversed, and the case is remanded with directions to enter a judgment in favor of Neely, (1) enjoining Boland from using, for packaging its garment bags, a box or container with a cellophane window opening substantially similar to that used by Neely, or which in any other material respect simulates the box or container which Neely has used in packaging its garment bags; (2) granting Neely such other or further relief as is not inconsistent with this opinion; and (3) awarding Neely its costs.

The questions as to damages, profits, and the form of the judgment to be entered in conformity with this opinion, will be passed upon more appropriately by the trial court. Cf. Armstrong Paint & Varnish Works v. Nu-Enamel Corp., supra, at page 336 of 305 U.S., at page 201 of 59 S.Ct.

Reversed and remanded with directions.