**KAREN INDUSTRIES, INC., an Illinois corporation, Plaintiff,**

v.

**Gus CHIAVEROTTI, doing business as King Sales Company, Defendant.**

No. 60–C–3.

United States District Court
E. D. Wisconsin.
March 23, 1960.

James P. Brody of Foley, Sammond & Lardner, Milwaukee, Wis., and Merriam, Smith & Marshall, Chicago, Ill., for plaintiff.

Edwin C. Rachow, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This is an action based on diversity of citizenship for infringement of a common-law trademark and unfair competition. The plaintiff is an Illinois corporation, having its principal place of business in Chicago, Illinois. The defendant, an individual doing business as King Sales Company, resides in the State of Wisconsin.

The plaintiff has moved for a temporary injunction restraining the defendant from using the trademark "Hi-Line Fone" in connection with the sale of his product and from using a dress of goods which is deceptively similar to that used by the plaintiff in the packaging of its product.

In April of 1959 the plaintiff originated and developed a toy telephone which is made up of two plastic cup transmitter-receivers held in a cardboard frame and connected by a length of light string. This toy is a refinement of the typical child's string telephone in which the string is drawn tautly between the

two transmitter-receivers, and the sound of the voice is transmitted along the line.

In June of 1959 the plaintiff began to manufacture and market its toy telephone under the name "Hi-Fone," and by January of 1960 had sold many hundreds of thousands of these sets throughout the United States. At the present time there are very few States in which the plaintiff has not as yet sold its product, and they are widely scattered. Plaintiff's market can best be described as "nationwide."

On July 11, 1959, the defendant called upon the plaintiff and discussed the possibility of representing the plaintiff as a manufacturer's representative in the distribution of its product. Apparently a tentative agreement was reached, and shortly thereafter fifty samples of the plaintiff's toy were sent to the defendant to be used as an aid in his work.

On September 16, 1959, the plaintiff wrote to the defendant as follows:

"Atomic Industries
"2044 N. 3rd St.
"Milwaukee, Wisconsin
"Attention: Mr. Guss Chiaverotti
"Dear Sir:

"On July 11, 1959, we were approached by you with the view of handling our 'Hi-Fone String Telephone' for nationwide distribution in addition to our other representative Mr. R. H. Mueller. At this time details were discussed and an understanding was arrived at that you would work with Mr. R. H. Mueller in the sales.

"In conjunction with the above agreement we sent you by Air Express on 7/13/59, fifty samples to be used on our behalf towards aiding of the sales of our 'Hi-Fone String Telephone'.

"Since that time we have heard no more from you and now have been informed that you intend to manufacture this item yourself in a breach of confidence on the informa-

tion described to you. Accordingly this is to advise you that we shall hold you accountable for all damages suffered by us for this breach of confidence and shall take all necessary legal actions to recover our damages plus whatever punitive damages as the courts may allow.

"Respectfully yours,
"Karen Industries, Inc.
"Walter S. Gajdosik
"WSG:dl
"c.c. Mr. Frank Ranney
"Mr. Albert Reinhardt"

Plaintiff did not receive a reply to this letter. In December of 1959, it discovered that defendant was marketing an almost identical toy under the name "Hi-Line Fone." On January 6, 1960, plaintiff instituted this action.

The plaintiff's toy is packaged in a transparent polyethylene bag. To close the bag a label or "header" is folded in tentlike fashion over the top of the package and is held in place by a heat-sealing process. On the face of the label or "header" appears the trademark "Hi-Fone," a pictorial representation of two children using the phone, the price of the toy, and other copy describing the product. On the reverse side of the "header" appear detailed instructions for using the toy telephone.

The telephone manufactured by the defendant, if not identical in size and shape, very closely resembles the plaintiff's product. In addition, it is packaged in the same general manner as the plaintiff's toy; that is, in a polyethylene bag which is topped and sealed by a tentlike "header." Two slight differences between the respective products and packages are that the cardboard frames are of different colors in the two products, and the string portion of the defendant's toy is coiled and covered by a paper wrapper, while the string in the plaintiff's package is simply coiled.

The "header" used by the defendant also strongly resembles that used by the plaintiff aside from a slight difference in the use of color and the absence of

any price markings. It is of the same size and shape and prominently displays on its face the mark "Hi-Line Fone" together with drawings of two children using the phone. In addition, the phrases "String Telephone," "For Girls And Boys," "It Really Works," and "Sensational Toy" appear on the label. These are the same phrases which appear on the face of plaintiff's "header" and are only sightly rearranged as to position on the label.

On the reverse side of the defendant's "header" are instructions for the use of the toy. These instructions are a verbatim copy of those appearing on the plaintiff's package, including a code number "HF 10" which was used by the plaintiff to designate its product.

Plaintiff has marketed its product on a nationwide basis since June of 1959. The defendant has marketed its toy only in the States of Oregon, Washington, Minnesota, and Illinois. In the first two States mentioned, the defendant had its toy on the market prior to the plaintiff's, and the same is true in at least the Minneapolis-St. Paul area of Minnesota. Both parties distribute their product through the facilities of manufacturers' representatives, although defendant's representation is limited in a geographic sense while the plaintiff's representatives cover the entire United States.

At the time this motion was heard, the defendant testified that he had an inventory of approximately one and one-quarter million sets of the toy in question. Of these one and one-quarter million sets, three hundred fifty to four hundred thousand were assembled while the rest were in component parts. Mr. Chiaverotti estimated that his investment in this inventory was in the neighborhood of $18,000. He further testified that the toy telephone manufactured by the parties was a novelty item, in contrast to a standard toy such as an electric train, and had a marketing life of about one year.

The defendant contends that regardless of similarity in the two toys, he has not infringed the plaintiff's trademark "Hi-Fone" for his trademark "Hi-Line Fone" is not deceptively similar to that of the plaintiff.

Based upon the evidence before it at this time, however, the court is of the opinion that the two trademarks, standing alone, are so similar as to probably deceive the ordinary purchaser of this product. When the similarity of trademarks is viewed in relation to the similarity in product design and dress of goods, there is no question but that confusion is probable and that the plaintiff is likely to prevail when this action is brought to trial. Neely v. Boland Mfg. Co., 8 Cir., 1960, 274 F.2d 195.

The defendant testified that he had no intention of confusing his product with the toy manufactured by the plaintiff, but in view of his actions in this matter, this testimony is not persuasive. The evidence clearly shows that the defendant not only intentionally copied the unpatented toy of the plaintiff but also deliberately adopted a close facsimile of the plaintiff's trademark in a manner calculated to appropriate to himself the good will built up by the plaintiff.

Even if infringement of a technical common-law trademark had not been relied upon, the court is also of the opinion that the defendant's dress of goods is such a colorable imitation of the plaintiff's dress of goods that a case of unfair competition has been made out for the purposes of this motion for a preliminary injunction. While plaintiff's product has not been on the market for a very great length of time, its sales volume has been substantial, and in view of the short sales life of this type of novelty, the court believes a sufficient showing of secondary meaning has been made at this point in the action.

The defendant has relied to a certain extent on the fact that in some of the few areas in which he has sold his product, his toy was on the market prior to that of the plaintiff. This fact is of no aid to the defendant for it is clear that plaintiff's market was and is nationwide.

**830**

Thus, we do not have a situation of concurrent use of a trademark by two persons in widely separated areas such as was present in United Drug Co. v. Theodore Rectanus Co., 248 U.S. 90, 39 S.Ct. 48, 63 L.Ed. 141.

In any event, as stated in Adam Hat Stores, Inc. v. Scherper, D.C., 45 F.Supp. 804, 806, any rights of a second user in a territory not already occupied by the first user are subject to the conditions:

"* * * that the second user must have innocently adopted the mark and must show it was not adopted for the purpose of forestalling the first user's extension of his mark in that territory."

The sales life of the toys involved in this suit is very short. In addition, both toys are identical in nature and thus will, of necessity, be sold in the same markets and to the same clientele. In view of these facts, the court is of the opinion that the plaintiff will be irreparably damaged if the defendant is allowed to continue his sales activities using his present trademark and dress of goods.

The court will, therefore, enter a temporary injunction, pending the final outcome of this action, restraining the defendant, Gus Chiaverotti, doing business as King Sales Company, from using the trademark "Hi-Line Fone" and from using a dress of goods deceptively similar to that used by the plaintiff in conjunction with the sale and marketing of the toy string telephone manufactured by the defendant. As a condition to the issuance of said injunction, the plaintiff shall give security in the amount of $10,000 in accordance with Rule 65(c) of the Rules of Civil Procedure, 28 U.S. C.A.

Counsel for the plaintiff are directed to prepare proposed findings of fact, conclusions of law, order for temporary injunction, and injunction in conformity with this decision, submitting the same to counsel for the defendant for approval as to form only.