BANGOR PUNTA OPERATIONS, INC.,
Plaintiff-Appellee,

v.

UNIVERSAL MARINE COMPANY,
LTD., Defendant-Appellant.

No. 76–1933
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1976.

---

\* Rule 18, 5 Cir., *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Robert F. Colquhoun, Thomas E. Lenney, Bloomfield, N.J., for defendant-appellant.

Ronald A. Fitzgerald, Fort Lauderdale, Fla., Douglas W. Wyatt, Eliot S. Gerber, New York City, Patrick J. Walsh, Greenwich, Conn., James W. Badie, New York City, for plaintiff-appellee.

Before CLARK, TJOFLAT and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

This case comes on appeal from the United States District Court for the Southern District of Florida. At trial, the plaintiff-appellee Bangor Punta Operations, Inc. submitted to the jury its claims that the defendant-appellant, Universal Marine Company, Inc., had breached plaintiff's common law copyright on certain trawler designs and specifications, had unlawfully appropriated these trade secrets of the plaintiff, and had by virtue of false advertising violated section 43(a) of the Lanham Act, 15 U.S.C.A. 1125(a). The jury verdict awarded the plaintiff the sum of $200,000.00 as damages and the judgment of the District Court included the permanent injunctive relief sought by the plaintiff.

Appellant seeks to reverse the judgment of the District Court contending that there was no personal jurisdiction over the alien corporate defendant.

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, process was served under the Florida long-arm statute. F.S.A. § 48.193 (Supp.1973). This statute reads in pertinent part as follows:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
>
> (b) Commits a tortious act within this state.

Presently at issue is whether or not the alien defendant, Universal Marine, committed a tortious act within the state of Florida subjecting it to the jurisdiction of the District Court.

The complaint alleged and it was proven at trial that the defendant sent into Florida an advertisement containing in fact a photograph of the plaintiff's trawler but repre-

sented to be the photograph of the defendant's trawler. Also alleged and proven was the fact that the defendant sent yachts, built in violation of the plaintiff's property rights, into Florida for the purpose of being sold to potential buyers.

The question then becomes whether these acts constituted "tortious acts" within the meaning of the Florida long-arm statute.

■ The plaintiff contends that the misappropriation of its advertising material by the defendant results in the violation of § 43(a) of the Lanham Act, 15 U.S.C.A. 1125(a).[1] We agree. It has been frequently held that such misappropriation of advertising material constitutes a federal tort of unfair competition in violation of § 43(a) of the Lanham Act.[2] Likewise, it has often been held that the unauthorized use of a trade secret or the breach of a common law copyright subjects the wrongdoer to liability in tort.[3] Thus, we think it is clear that the acts of the defendant were tortious.

■ Next it must be determined whether the Florida long-arm statute was intended to reach these acts; *i. e.* were the tortious acts *committed within the State of Florida.*

In the recent case of *Rebozo v. Washington Post Company,* 515 F.2d 1208 (5th Cir. 1975), this Court was called upon to construe the statute at issue. The Court held that the Florida statute was not limited to a situation where an act in Florida caused an injury in Florida but that the Florida statute also reached the situation where a foreign tortious act caused injury

in Florida. And in so construing the "tortious act" provision of F.S.A. § 48.193 (Supp.1973), this Court in *Rebozo* also noted the similarity between the far reaching Illinois long-arm statute and the statute at issue. Further noting favorable citations of Illinois authorities by the Florida courts, we held that, like the Illinois statute, the Florida statute "was designed to exploit the limits of jurisdictional due process articulated in *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)." 515 F.2d at 1212.

In this case, the importation of the cheaper and inferior boats, built by the unauthorized use of the plaintiff's design specifications and plans yet costing approximately $20,000.00 less per vessel, caused the plaintiff's business to be damaged in terms of lost sales, and damage to reputation, as the plaintiff alleged and the jury undoubtedly concluded. Since injury as a consequence of the defendant's acts occurred within the State of Florida, we are not called upon and do not decide the precise locality of the tortious acts giving rise to the injurious consequences which occurred.

■ Having concluded that the Florida statute authorizes the assertion of personal jurisdiction in this case, we are next called upon to determine whether the exercise of jurisdiction in this case is consistent with due process of law.

The standard as articulated in the landmark case of *International Shoe of Washington, supra,* calls for the determination of

---

1. Any person who shall affix, apply, or annex, or use in connection with any goods or services, or any container or containers for goods, a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same shall cause such goods or services to enter into commerce, and any person who shall with knowledge of the falsity of such designation of origin or description or representation cause or procure the same to be transported or used in commerce or deliver the same to any carrier to be transported or used, shall be liable to a civil action by any person doing business in the locality falsely indicated as that of origin or in the region in which said locality is situated, or by any person who believes that he is or is likely to be damaged by

the use of any such false description or representation. 15 U.S.C.A. 1125(a).

2. *See Alum–A–Fold Shutter Corporation v. Folding Shutter Corporation,* 441 F.2d 556 (5th Cir. 1971); *American Precast Corp. v. Maurice Concrete Products,* 360 F.Supp. 859 (D.Mass. 1973), *aff'd,* 502 F.2d 1159 (1st Cir. 1974); *Crossbow, Inc. v. Dan–Dee Imports Inc.,* 266 F.Supp. 335 (S.D.N.Y.1967).

3. *See Kewanee Oil Co. v. Bicron Corp.,* 416 U.S. 470, 94 S.Ct. 1879, 40 L.Ed.2d 315 (1974); *Nucor Corp. v. Tennessee Forging Steel Service, Inc.,* 476 F.2d 386 (8th Cir. 1973); *International Tape Mfrs. Ass'n v. Gerstein,* 344 F.Supp. 38 (S.D.Fla.1972).

whether or not the defendant has "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" As *International Shoe* indicated and subsequent cases have held, a single tortious act can support in personam jurisdiction, consistent with the Constitution, subject to the limitation that "there [must] be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).[4] In the case at bar, an official of the defendant intended to and did send or cause to be sent a false advertisement and infringing products into Florida and by so doing clearly satisfied the above standards.[5]

We thus hold that the District Court properly had in personam jurisdiction over the foreign corporate defendant in this case based on the Florida long-arm statute. FSA § 48.193(1)(b) (Supp.1973). We consider it unnecessary to determine as did the trial judge whether the presence of a permissive counterclaim alleging violations of the anti-trust laws results in the waiver of the defense of lack of jurisdiction over the person.[6]

■ We have carefully considered the defendant's remaining enumerations of error and find these to lack merit. We answer

the defendant's contention that the jury verdict was speculative as follows: . . . "the jury may make a just and reasonable estimate of the damages based on relevant data, and render its verdict accordingly. In such circumstances juries are allowed to act on probable and inferential as well as [upon] direct and positive proof." *Bigelow v. RKO Radio Pictures, Inc.,* 327 U.S. 251, 66 S.Ct. 574, 90 L.Ed. 652 (1946). In *ABC–Paramount Records, Inc. v. Topps Record Distributing Co.,* 374 F.2d 455 (1975) this Court quoted with approval the Restatement of Torts § 912 Comment (d), (1939).

Although in such cases, the burden is on the injured person to prove with a fair degree of certainty that the business or transaction was or could have been profitable, it is not fatal to the recovery of substantial damages that he is unable to prove with definiteness the amount of profits he would have made or the amount of harm which the defendant has caused. *It is only essential that he present such evidence as might reasonably be expected to be available under the circumstances* (emphasis supplied by the Court in *ABC–Paramount, supra* ).

This Circuit has declared that:

[i]n a case such as this, where the wrong is of such a nature as to preclude exact ascertainment of the amount of damages, plaintiff may recover upon a showing of the extent of the damages as a matter of just and reasonable inference, although

---

**4.** *See Rebozo, supra* at 1214, and cases cited therein.

**5.** *See Murphy v. Erwin-Wasey, Inc.,* 460 F.2d 661 (1972) (1st Cir.) where it was held:

The element of intent also persuades us that there can be no constitutional objection to Massachusetts asserting jurisdiction over the out-of-state sender of a fraudulent misrepresentation, for such a sender has thereby "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."

*See also* the case of *Honeywell Inc. v. Metz Apparatewerke,* 509 F.2d 1137 (7th Cir. 1975) where the Seventh Circuit stated that "[d]irect contact with the forum state is not essential to the exercise of personal jurisdiction. Metz may not have physically entered the State of

Illinois, but it placed its flash devices in the stream of commerce under such circumstances that it should reasonably have anticipated that injury through infringement would occur there. (cites omitted). We look to the economic and commercial realities of this case, and in our view, it is not within the contemplation of the concepts of fairness and due process to allow a wrongdoing manufacturer to insulate himself from the long-arm of the courts by using an intermediary or by professing ignorance of the ultimate destination of his products." at 509 F.2d at 1144.

**6.** *See Merchants Heat & Light Company v. James B. Clow and Sons,* 204 U.S. 286, 27 S.Ct. 285, 51 L.Ed. 488 (1907). *Neifeld v. Steinberg,* 438 F.2d 423 (3rd Cir. 1971) (and cases cited therein).

the result may be only an approximation. *Story Parchment Co. v. Patterson Parchment Paper Co.*, 282 U.S. 555, 563, 51 S.Ct. 248, at 250, 75 L.Ed. 544 (1931). The wrongdoer may not complain of inexactness where his actions preclude precise computation of the extent of the injury. *Eastman Kodak Co. v. Southern Photo Co.*, 273 U.S. 359, 379, 47 S.Ct. 400, 71 L.Ed. 684 (1927). *Kestenbaum v. Falstaff Brewing Corporation*, 514 F.2d 690, 698 (5th Cir. 1975).

The judgment of the District Court is AFFIRMED.