**TRADITIONAL LIVING, INC., a Delaware Corporation, Vermont Log Buildings, Inc., a Vermont Corporation, Carolina Log Buildings, Inc., a North Carolina Corporation, and Ray DeYoung, an Individual resident and citizen of the state of Georgia, Plaintiffs,**

v.

**ENERGY LOG HOMES, INC., an Alabama Corporation, and Ronald J. Williams, an Individual resident and citizen of the state of Alabama, defendants.**

Civ. A. No. 78–G–1014–M.

United States District Court,
N. D. Alabama, M. D.

Nov. 22, 1978.

Macbeth Wagnon, Jr., Thad G. Long, Linda A. Friedman, Bradley, Arant, Rose & White, Birmingham, Ala., Hill & Barlow, Boston, Mass., for plaintiffs.

Robert W. Hanson, Albertville, Ala., for defendants.

## PRELIMINARY INJUNCTION

GUIN, District Judge.

Pursuant to and in conformity with the Findings of Fact and Conclusions of Law entered contemporaneously herewith, it is

ORDERED that defendants and their agents be, and the same hereby are ENJOINED, pending a final determination of the merits, from using any materials from the catalogs of Traditional Living, Inc., or any of its subsidiaries or licensees, or any representation or designation confusingly similar therewith or with the log homes or log home packages sold by Traditional Living, Inc., or any of its subsidiaries or licensees in connection with the defendants' log home business, and from copying any of plaintiffs' copyrighted materials; PROVIDED, HOWEVER, that nothing herein shall prohibit defendants from designing, selling, and/or constructing any log home in compliance with the request of its customers; and it is

FURTHER ORDERED that upon the filing with the Clerk of this court by plaintiffs or their authorized agent or attorney of an affidavit stating to the best of their knowledge, information and belief, the number and location, as near as may be, of the alleged infringing catalogs and other copies of plaintiffs' copyrighted plans, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced, and the value of the same; and upon the court's approval of plaintiffs' bond executed by at least two sureties, the Clerk shall issue a writ directed to the U. S. Marshal that he shall forthwith seize and hold all catalogs and other copies of plaintiffs' copyrighted plans, and all plates, molds, matrices, masters, tapes, film negatives, and other articles by means of which such copies may be reproduced, subject to further order of this court; and it is

FURTHER ORDERED that this order shall take effect upon the plaintiffs' giving security in the amount of $1000.00 for the payment of such damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained, such bond to be approved by the court or by the Clerk of the court.

DONE and ORDERED this 22nd day of November 1978.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case is before the court on plaintiffs' motion for preliminary injunction. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1125, 28 U.S.C. § 1338(a), 28 U.S.C. § 1338(b), and 28 U.S.C. § 1332(a).

### Findings of Fact

1. The plaintiff corporations are incorporated and have their principal places of business outside the state of Alabama. Plaintiff Ray DeYoung is an individual resident and citizen of the state of Georgia. The plaintiff corporations are producers and sellers of log home packages. They have catalogs depicting finished log homes built from their log home packages with sample house plans shown and with other basic information provided in a "question and answer" form. Mr. DeYoung is a sales representative for plaintiff Carolina Log Buildings, Inc., and covers the state of Alabama.

2. Defendant Energy Log Homes, Inc., is an Alabama corporation with its principal place of business in Boaz, Alabama. Defendant Ronald J. Williams is a stockholder, director and the chief executive officer of the defendant corporation. Defendants, like plaintiffs, are in the business of selling log home packages.

3. Defendants have promoted log homes confusingly similar to those of plaintiffs, and, in promoting their log home packages, have copied plaintiffs' copyrighted promotional materials.

4. Defendants have intentionally copied the log homes packages sold by plaintiffs with the intent to avail themselves of plaintiffs' designs and advertising.

5. Plaintiffs' log home designs have, through plaintiffs' promotional efforts, acquired a secondary meaning in the area of Boaz, Alabama, and elsewhere.

6. Defendants' copying of nonfunctional as well as functional features of plaintiffs' log home designs evinces a fraudulent intent on the part of defendants to avail themselves of plaintiffs' advertising and marketing efforts.

7. As plaintiffs' and defendants' log homes are almost identical in appearance, probable confusion between plaintiffs' and defendants' products will result unless defendants are enjoined.

8. Plaintiffs have suffered injury to their reputation from defendants' copying of their designs and promotional materials.

### Conclusions of Law

1. Mr. DeYoung, as a nonexclusive licensee, has standing to bring this action under 15 U.S.C. § 1125, pursuant to *Quabaug Rubber Co. v. Fabiano Shoe Co.,* 567 F.2d 154 (1st Cir. 1977).

2. Defendants' copying of plaintiffs' promotional materials is violative of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (*Bangor Punta Operations, Inc. v. Universal Marine Co.,* 543 F.2d 1107 (5th Cir. 1976)) and 17 U.S.C. § 501.

3. Defendants' selling of log home packages copied from those of plaintiffs constitutes common law unfair competition. *International News Service v. Associated Press,* 248 U.S. 215, 39 S.Ct. 68, 63 L.Ed. 211 (1918); *Neely v. Boland Mfg. Co.,* 274 F.2d 195 (8th Cir. 1960); Restatement of Torts, § 711.

4. Plaintiffs have shown a probability of success on the merits.

5. Unless enjoined, defendants will deal plaintiffs irreparable harm pursuant to *American Metropolitan Enterprises of New York, Inc. v. Warner Brothers Records, Inc.,* 389 F.2d 903 (2nd Cir. 1968), and in that plaintiffs will continue to suffer injury to their reputation through defendants' copying.

6. The harm to be suffered by defendants in ceasing their wrongful acts of infringement and unfair competition would be less than that suffered by plaintiffs if the preliminary injunction were denied.

7. The public interest will be subserved by the grant of a preliminary injunction because the relief will lessen the likelihood of consumer confusion.

8. Defendants' mere following of the customer directions to design, sell and/or construct a home similar to those of plaintiffs without defendants' having proposed the requested design, would not constitute unfair competition because the element of constructive fraud would be absent. Defendants, therefore, shall not be enjoined from doing so.

9. Pursuant to 17 U.S.C. § 503(a), plaintiffs are entitled, upon the filing of the appropriate affidavit and bond, to have infringing material in defendants' possession impounded pending resolution of this case on the merits.

Accordingly, an appropriate order will be entered.