Frank R. **POTUCEK, an individual and ARCO Services, Inc., a Florida corporation, Plaintiffs,**

v.

**Charles L. TAYLOR, an individual, Taylor General Construction Co., Inc., a Florida corporation, R. David Gilmore, an individual, and William E. Kickliter, an individual, Defendants.**

No. 87–505–Civ–T–17A.

United States District Court, M.D. Florida, Tampa Division.

May 21, 1990.

Anne S. Mason, Joseph C. Mason, Jr., P.A., Clearwater, Fla., for plaintiffs.

Frances M. Toole, Bush, Ross, Gardner, Warren & Rudy, Tampa, Fla., for defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This is an action under Section 43(a) of the Lanham Trademark Act of 1946, 15 U.S.C. § 1125(a), charging defendants with unfair competition, state trade secret violations, and other common law claims arising out of the misappropriation of proprietary information. Section 43(a) of the Lanham Act was amended by the Trademark Revision Act of 1988, effective November 16, 1989. This claim was brought under the Act prior to its amendment. Defendants assert this court lacks jurisdiction. Both parties have moved for summary judgment.

### FACTS

Plaintiff Potucek alleges that he is an inventor of a five sided star shaped nail, called the "star fastener." The term "star fastener" is not a registered trademark. However, Plaintiff applied for, and has received, a patent for the nail.

Before Plaintiff Potucek received a patent for the five sided nail, Plaintiff revealed his invention to the Defendants in the hopes of securing funds to begin manu-

facturing and selling the nail. In return for their investment, Defendants were to receive stock in ACRO Services, Inc., which was incorporated for the purpose of manufacturing and selling the "star fastener" nail. Plaintiff Potucek and Defendant Gilmore jointly produced a booklet explaining the "star fastener" nail to show to potential manufacturers and customers.

When Defendants were informed by a potential customer's attorney that the "star fastener" was not patentable because the device was not new and was in the public domain, Defendants withdrew from the joint venture with Plaintiffs. Defendants subsequently began efforts to manufacture and sell a similar nail, called the "penta" nail. Except for a few handmade prototype nails which were models and not offered for sale, Plaintiffs have not alleged the manufacture or sale in interstate commerce of any "star fastener" or "penta" nails.

Plaintiffs urge that proprietary information consisting, among other things, of the concept of the "star fastener," the "star fastener" nail and booklet, and the manufacturing expertise and knowledge needed to produce the "star fastener" is "goods" for purposes of the Lanham Act. Therefore, Defendants' solicitation of sales and manufacturers using the proprietary information gained from Plaintiff constitutes an introduction of goods into interstate commerce with "a false designation of origin or ... false description or representation." Plaintiffs also contend that the name "star fastener" is a mark protectable under the Lanham Act. Defendants assert that since proprietary information does not constitute "goods" and that Plaintiffs have never sold a product called the "star fastener" in interstate commerce, this court has no jurisdiction.

## STANDARD FOR SUMMARY JUDGMENT

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–97 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial.

*Id.* 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore, requires that the moving party go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing there is a genuine issue for trial." *Celotex, supra,* 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274.

### 15 U.S.C. § 1125(a)

Section 43(a) of the Lanham Act of 1946 (15 U.S.C. § 1125(a)) provides:

§ 1125 False designation of origin and false description forbidden

(a) Any person who shall affix, apply, or annex, or *use in connection with goods or services*, or any container, or containers for goods, a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods or services to enter into commerce, ... shall be liable to a civil action ... by any person who believes that he is or is

likely to be damaged by the use of any such false description or representation. (*emphasis added*).

Section 43(a) grew out of the common law tort of false advertising concerning one's own goods to the detriment of a competitor. A claim under the Lanham Act requires the use of a false designation of origin or a false description or representation in advertising goods or services and acts causing them to enter commerce. *Tubeco, Inc. v. Crippen Pipe Fabrication Corp.*, 402 F.Supp. 838 (E.D.N.Y.1975). Exaggerated or false claims about one's product unfairly tilts the playing field toward the unscrupulous competitor to the detriment of consumers as well as the market. Therefore, the intent of section 43(a) was to create a new "statutory civil wrong of false representation of goods in commerce" in order to prevent deceitful practices in the market place. *L'Aiglon Apparel v. Lana Lobell, Inc.*, 214 F.2d 649 (3rd Cir.1954). It is well established that use of a photograph of a competitor's product to advertise and sell one's own product is false advertising and a violation of section 43(a). *Matsushita Electric Corp. of America v. Solar Sound Sys., Inc.*, 381 F.Supp. 64, 67 (S.D.N.Y.1974); *Bangor Punta Operations v. Universal Marine, Co.*, 543 F.2d 1107 (5th Cir.1976).

The Lanham Act is an independent grant of federal jurisdiction based upon the interstate commerce clause and is interpreted broadly. *Alum–A–Fold Shutter Corp. v. Folding Shutter Corp.*, 441 F.2d 556 (5th Cir.1971). "Even though the Lanham Act supports a broad view of misrepresentations within its reach, it is clearly directed only against the 'false representation of goods or services in interstate commerce.'" *Tubeco, Inc. v. Crippen Pipe Fabrication Corp.*, 402 F.Supp. at 847 (*quoting* 1 Callman, *Unfair Competition, Trademarks and Monopolies*, § 18.2(b)(2) at 621 (3d ed. 1967). Solicitation of sales across state lines is sufficient to invoke jurisdiction. *Shatel Corp. v. Mao Ta Lumber & Yacht Corp.*, 697 F.2d 1352 (11th Cir.1983).

However, liability is predicated upon the subject behavior being used "in connection with goods or services." 15 U.S.C. § 1125 (1946); *Blue Bell, Inc. v. Farah Mfg. Co., Inc.*, 508 F.2d 1260 (5th Cir.1975). Because rights in a mark are determined by priority of use, the mark must be used in trade before an owner can claim rights in any mark. Therefore, for a mark to be protected under section 43(a), the mark must have been used in connection with goods in a bona fide sale across state lines. *Blue Bell, Inc. v. Farah Mfg. Co., Inc.*, 508 F.2d 1260 (5th Cir.1975); *Blazon, Inc. v. DeLuxe Game Corp.*, 268 F.Supp. 416, 428–29 (S.D.N.Y.1965); *Tubeco, Inc. v. Crippen Pipe Fabrication Corp.*, 402 F.Supp. 838 (E.D.N.Y.1975); 15 U.S.C. § 1127 (Lanham Act § 45). Under the amended Lanham Act, parties may now reserve rights in a mark without ever having used the mark in interstate commerce by filing an intent to use form.

Though section 43(a) encompasses protection against a broad range of deceitful market practices, its protection should not be confused with the protection provided by federal patent law or state trade secret law. Section 43(a) does not prohibit copying of an unpatented product. Products not protected by patent are within the public domain and may be precisely copied and sold by anyone without recompense to or authorization of the inventor. *Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964); *Compco Corp. v. Day–Brite Lighting, Inc.*, 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964); *Bonito Boats, Inc. v. Thunder Craft Boats*, 489 U.S. 141, 109 S.Ct. 971, 103 L.Ed.2d 118 (1989). "Sharing in the goodwill of an article unprotected by patent or trade-mark is the exercise of a right possessed by all...." *Kellogg Co. v. National Biscuit Co.*, 305 U.S. 111, 122, 59 S.Ct. 109, 115, 83 L.Ed. 73 (1938).

State trade secret laws prohibit the acquisition through improper means of knowledge or information that provides an advantage or competitive edge to a business. Trade secret laws usually require that the information is in fact a secret, i.e.

not known or readily discernible to the general public, and that the "owner" of the secret take precautions to prevent the disclosure of the secret to the public. These precautions usually necessitate that the owner divulge the secret only under conditions of confidentiality. *Smith v. Snap–On Tools Corp.*, 833 F.2d 578 (5th Cir. 1987); *Metallurgical Industries, Inc. v. Fourtek, Inc.*, 790 F.2d 1195 (5th Cir.1986); *See also* Florida Statutes § 812.081 (1989). Trade secret laws do not prohibit copying or use of information that has been gained by proper means such as reverse engineering, independent invention, or copying or use of information within the public domain. *Supra Bonito Boats.*

## DISCUSSION

■ Because there is no diversity of citizenship between the parties, subject matter jurisdiction is predicated on' Plaintiffs' demonstrating a cognizable claim under the Lanham Act (15 U.S.C. § 1125(a)). *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Tubeco, Inc. v. Crippen Pipe Fabrication Corp.*, 402 F.Supp. 838 (E.D. N.Y.1975). The confusion in Plaintiffs' unfair competition claim is caused by Plaintiffs' assertion that "goods" as used in 15 U.S.C. § 1125 (Lanham § 43(a)) includes proprietary information. Plaintiffs have not cited any cases that support Plaintiffs' contention that "goods" in section 43(a) extends to ideas, concepts, or manufacturing expertise. The cases cited by Plaintiffs do not support this proposition; but either merely restate the general rule that a photograph of a competitor's product used in advertising to represent another's product is false advertising and a violation of section 43(a) or the obvious rule that a publisher's "goods" are magazines and other printed material. *Bangor Punta v. Universal Marine, Co.*, 543 F.2d 1107 (5th Cir.1976); *Ames Publishing Co. v. Walker Davis Publications, Inc.*, 372 F.Supp. 1 (E.D.Pa.1974). *See also Matsushita Electric Corp. of America v. Solar Sound Sys.*, 381 F.Supp. 64, 67 (S.D.N.Y.1974). The term "goods" is not defined in the Act. Further, an examination of the history of

the Act does not reveal an intention by Congress to protect trade secrets. *L'Aiglon Apparel v. Lana Lobell, Inc.*, 214 F.2d 649, 651 (3rd Cir.1954). The Court finds that proprietary information is not included within the meaning of the term "goods" as used in the Lanham Act.

■ Further, under the Lanham Act, rights in a mark are determined by use of a mark in a bona fide sale in interstate commerce. Because Plaintiffs have not sold in interstate commerce any nails called "star fastener," Plaintiffs have not accrued rights in the name "star fastener" for Lanham Act purposes.

For the above reasons, Plaintiffs' complaint fails to state a cognizable claim under the Lanham Act. Therefore, this court lacks jurisdiction. Accordingly, it is

ORDERED the Defendants' motion for summary judgment be GRANTED and the petition dismissed. The Clerk is directed to enter a final judgment of dismissal. It is further

ORDERED that Plaintiffs' pendent state claims are DISMISSED for lack of jurisdiction, and Plaintiffs' motion for summary judgment is DENIED as moot. (Injunction lifted)

DONE AND ORDERED.