372 So.2d 98 (1979)
Nancy GASKILL, Appellant,
v.
MAY BROTHERS, INC., Appellee.
No. 79-334.
District Court of Appeal of Florida, Second District.
May 9, 1979.
Rehearing Denied June 13, 1979.
*99 Dennis L. Horton of Dennis L. Horton, P.A., Clermont, for appellant.
James M. Hess of Driscoll, Langston, Layton & Kane, P.A., Orlando, for appellee.
GRIMES, Chief Judge.
This is an appeal from an order denying a motion to set aside a default judgment.
The appellee filed a two-count complaint for damages against appellant upon theories of open account and account stated. Appellee then tried to have the appellant personally served within the State of Illinois pursuant to Section 48.194, Florida Statutes (1977). The Illinois deputy's affidavit indicates that when he went to the address specified by the appellee, the person inside the house declined to accept service. There is no indication that the appellant was that person.
Appellee next sought service of process by publication, following the procedures set forth in Chapter 49, Florida Statutes. When appellant failed to file an appearance, appellee obtained a default judgment totalling $3,051.58. Four months later, appellant, by special appearance, requested a stay of execution and moved to set aside the judgment for lack of jurisdiction over her person. Following a hearing the court denied the motion to set aside the judgment and permitted execution to proceed.
The appellant contends that the court never had the requisite jurisdiction over her person upon which to predicate the judgment because the service of process upon her was insufficient. We agree.
Appellee justified its attempt to secure personal service on appellant in Illinois upon the following portions of Section 48.193, Florida Statutes (1977):
48.193 Acts subjecting persons to jurisdiction of courts of state.

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
(a) Operates, conducts, engages in, or carries on a business or business venture in this state or has an office or agency in this state.
.....
(c) Owns, uses, or possesses any real property within this state.
(d) Contracts to insure any person, property, or risk located within this state at the time of contracting.
However, the complaint makes no reference to the cause of action having arisen out of any of the circumstances described in the statute. Explaining when this statute may be used to obtain in personam jurisdiction, our court in Griffin v. Zinn, 318 So.2d 151 (Fla. 2d DCA 1975), said:
The foregoing provision obviously relates only to those cases in which there is a direct affiliation or nexus between the basis of the controversy and the Florida property itself... .
Therefore, even if the deputy had been able to effect personal service upon appellant in Illinois, there would have been no in personam jurisdiction over her with respect to this complaint.
The appellee's efforts to obtain in rem jurisdiction by constructive service *100 were equally ineffective. Section 49.011, Florida Statutes (1977), describes the only types of actions in which constructive service of process may be employed, and no such action was alleged in the complaint. Chapter 49 does not encompass simple actions ex contractu. Ressler v. Sena, 307 So.2d 457 (Fla. 4th DCA 1975).
Finally, the complaint was not sufficient to establish quasi in rem jurisdiction directed against appellant's property. Shannon v. Great Southern Equipment Company, 326 So.2d 19 (Fla. 2d DCA 1976). The complaint did not seek to seize appellant's property in order to satisfy appellee's claim. In fact, the first mention of appellant's property in the entire record occurred when the appellant moved to stay execution on the judgment.
A judgment against one over whom jurisdiction has not been obtained is void. Valdosta Milling Co. v. Garretson, 54 So.2d 196 (Fla. 1951). Therefore, the judgment against appellant should have been set aside. Fla.R.Civ.P. 1.540(b).
REVERSED.
HOBSON and SCHEB, JJ., concur.