386 So.2d 60 (1980)
Ken GURITZ, d/b/a Electrodex, Inc., Appellant,
v.
AMERICAN MOTIVATE, INC., an Illinois Corporation, Appellee.
No. 80-942.
District Court of Appeal of Florida, Second District.
July 25, 1980.
*61 Richard H. Bailey of Harrison, Harllee, Porges & Bailey, Bradenton, for appellant.
Thomas M. Gallen of Miller, Gallen, Kaklis & Venable, Bradenton, for appellee.
CAMPBELL, Judge.
Electrodex appeals from an order granting American Motivate's motion to abate for lack of jurisdiction. We reverse.
Electrodex filed a two-count complaint in the lower court, one count being an action on an open account and the other being an action on goods sold and delivered. Electrodex's complaint alleges in part:
3. Defendant, American, is an Illinois corporation with its principal place of business in West Chicago, Illinois.
.....
5. The basis of the sum owed from the defendant to the complainant, is a sale of goods as contemplated by Chapter 671 and Chapter 672, Florida Statutes, which statutes provide that remedy shall be liberally administered and the aggrieved party may be put in as good position as if the other party had fully performed pursuant to Section 671.102, Florida Statutes.
.....
8. Defendant, American, has done acts enumerated in Section 48.193, Florida Statutes, which submit the defendant, American, to the jurisdiction of the courts of this state for a cause of action arising from the doing of said acts, which acts are more particularly described as follows:
(a) engages in business in this state;
(b) breaches a contract in this state by failing to perform acts required by the contract to be performed in this state, and more particularly failing to make payment for the goods sold and delivered by the plaintiff to the defendant in Bradenton, Manatee County, Florida.
9. Both the making and performance of the contract in question to sell and buy goods occurred in Manatee County, Florida.
10. The place for delivery of the goods sold by the plaintiff, Electrodex, to the defendant, American, was the seller's place of business, to wit: 6211 17th Street East, Manatee County, Florida.
American Motivate responded with an unsupported special appearance considered by the trial court to be a motion to abate for lack of jurisdiction over the person.
Two issues are raised by this appeal: 1) whether Electrodex in its complaint pled facts which clearly justify as a matter of law the application of the long arm statute, and 2) whether American Motivate's unsupported motion was sufficient to shift the burden to Electrodex to prove the allegations in the complaint which justify the application of the long arm statute.
*62 We find that the allegations contained in Electrodex's complaint are sufficient. Section 48.193(1)(g), Florida Statutes provides that any person who personally or through an agent "[b]reaches a contract in this state by failing to perform acts required by the contract to be performed in this state" submits himself to the jurisdiction of the courts of this state.
Paragraph 8(b) of the complaint sufficiently alleges that American Motivate breached a contract in this state. Cf. Maddax International Corporation v. Belcher Intercontinental Moving Services, Inc., 342 So.2d 1082 (Fla. 2d DCA 1977). (Appellee alleged in its complaint that the parties entered into a contract which had been breached by the appellant's failure to perform acts required by the contract to be performed in this state, to wit: the payment for the services required by the appellee. This court held that where an express promise to pay exists and no place of payment is stipulated, payment is due at the location of the creditor and that is where the breach occurs.)
We also find American Motivate's unsupported motion insufficient to transfer the burden to Electrodex to prove the jurisdictional allegations in the complaint.
The court in Elmex Corporation v. Atlantic Federal Savings & Loan Association of Fort Lauderdale, 325 So.2d 58 (Fla. 4th DCA 1976), discussed the plaintiff's burden in invoking and the defendant's burden in challenging the application of Section 48.193(1)(g), Florida Statutes. The court stated "[i]t may be unnecessary for the defendant to do anything more than file a simple (unsupported) motion where the allegations of the complaint are legally insufficient." (Emphasis added.) Id. at 61-62. The court further stated that in order for a defendant to assert factual matters not appearing on the face of the record he must support the motion with an affidavit, deposition or other proof; if this supported motion contradicts the complaint, the issue becomes one of proof, and the burden shifts to the plaintiff to prove the allegations in the complaint which justify application of the long arm statute.
In the instant case, American Motivate filed an unsupported motion challenging jurisdiction over the person. Based on Elmex, supra, this unsupported motion would be sufficient if the allegations in the complaint were legally insufficient. Since this is not the case, the trial court erred by granting the defendant's unsupported motion to abate.
Based on the foregoing reasoning, we vacate the order of the trial court and remand for further consistent proceedings.
BOARDMAN, Acting C.J., and RYDER, J., concur.