398 So.2d 918 (1981)
LEE B. STERN & CO., LTD., Appellant,
v.
Leba C. GREEN, Appellee.
Leba C. GREEN, Cross-Appellant,
v.
Lee B. STERN, Cross-Appellee.
No. 80-1071.
District Court of Appeal of Florida, Third District.
May 5, 1981.
Rehearing Denied June 17, 1981.
*919 Young, Stern & Tannenbaum and Glen Rafkin and Burton Young, North Miami Beach, for appellant and cross-appellee.
Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik and Paul A. Louis, Miami, for appellee and cross-appellant.
Before HENDRY, SCHWARTZ and BASKIN, JJ.
HENDRY, Judge.
This appeal is from a non-final order which denied the motion to dismiss of the appellant-defendant Lee B. Stern & Co., Ltd. (hereinafter the "corporation"), and granted the motion to dismiss of defendant Lee Stern.
Petitioner Leba Green's initial complaint for dissolution of marriage was amended to join the corporation and Lee Stern as party defendants, seeking recovery for conversion of certain property. Substituted service of process was first attempted upon the defendants, both nonresidents. The defendants moved to dismiss, asserting insufficiency of process, insufficiency of service of process, and lack of jurisdiction over the person. Prior to the court's ruling on this motion, both defendants were personally served in Illinois under the Florida long-arm statute, section 48.193(1)(b), Florida Statutes (1979). Thereafter, the trial court denied the corporation's motion to dismiss, and granted the motion as to Lee Stern. Notice of interlocutory appeal to this court was timely filed. We affirm in part and reverse in part.
Although the court's order does not reflect the reason for the ruling, based on the fact that defendants were properly served pursuant to section 48.194, Florida Statutes (1979), and actually received a copy of the complaint, the only issue we decide at this time is whether jurisdiction exists.
Upon review of the briefs and the record on appeal, we find ample support for the court's determination that jurisdiction exists as to the corporation, predicated on the alleged commission of a tortious act within the State of Florida. Godfrey v. Neumann, 373 So.2d 920 (Fla. 1979); see also King v. Saucier, 356 So.2d 930 (Fla.2d DCA 1978); General Finance Corp. of Jacksonville, Inc. v. Sexton, 155 So.2d 159 (Fla. 1st DCA 1963). The corporation's affidavits in support of the motion to dismiss, averring generally that the corporation did not engage in any business in the State of Florida and that any transfers of property referred to in the petition took place in Illinois, did not overcome the legal sufficiency of the complaint since they failed to address specific allegations that certain of the subject assets were unlawfully removed from Florida or were encumbered within the state by the defendants.[1]Elmex Corp. v. Atlantic Federal Savings & Loan Assn., 325 So.2d 58 (Fla. 4th DCA 1976). More importantly, the affidavits are inadequate to defeat jurisdiction in light of case law holding that the place of injury is the location of the tortious act for purposes of long-arm jurisdiction under Florida's statute. Bangor Punta Operations v. Universal Marine Co., 543 F.2d 1107 (5th Cir.1976); Rebozo v. Washington Post Co., 515 F.2d 1208 (5th Cir.1975); compare with Jack Pickard Dodge, Inc. v. Yarbrough, 352 So.2d 130 (Fla. 1st DCA 1977), distinguishing Bangor and Rebozo on the ground that the defendants in those cases committed affirmative wrongful acts within the forum whereas the defendant in Jack Pickard *920 Dodge had simply serviced a car in North Carolina that eventually was sold to a Florida resident and caused injury in Florida. Here, the defendants' attempt to exercise unlawful control over property belonging to another was an affirmative wrongful act within the forum.
With respect to Lee Stern, we find that the trial court's order must be reversed: individual officers and agents of a corporation are personally liable where a tort has been committed. Adams v. Brickell Townhouse, Inc., 388 So.2d 1279 (Fla. 3d DCA 1980); CIC Leasing Corp. v. Dade Linen and Furniture Co., 279 So.2d 73 (Fla. 3d DCA 1973); Ramel v. Chasebrook Construction Co., 135 So.2d 876 (Fla. 2d DCA 1961). Under the rule of these cases, the court acquired jurisdiction over Lee Stern as an officer of the corporation.
Other points on appeal and cross-appeal have been considered and found to be without merit. Accordingly, the order denying appellant-defendant Lee B. Stern & Co., Ltd.'s motion to dismiss is affirmed, the order granting Lee Stern's motion to dismiss is reversed, and the cause remanded for further proceedings not inconsistent herewith.
Affirmed in part; reversed in part, with directions.
NOTES
[1] One of the assets the complaint makes reference to is a forty-six foot boat docked in Miami which petitioner's estranged husband transferred to defendants in violation of a restraining order. Defendants later requested the United States Coast Guard in Miami to transfer title to the boat to the corporation.