400 So.2d 144 (1981)
Sara Ann WYNN, Appellant,
v.
AETNA LIFE INSURANCE COMPANY and Marilyn Ann Wynn, Appellees.
No. ZZ-349.
District Court of Appeal of Florida, First District.
June 17, 1981.
*145 Norton Bond, Pensacola, for appellant.
John F. Windham of Beggs & Lane, Pensacola for appellee Aetna Life Insurance Co.
Artice L. McGraw of Cetti & McGraw, Pensacola, for appellee Marilyn Ann Wynn.
THOMPSON, Judge.
On this appeal from a non-final order, the appellant argues that the trial court erred by denying her motion to dismiss and quash service because the court lacked jurisdiction over the appellant. We agree and reverse.
On July 28, 1979, Garland D. Wynn died in Florida. Earlier, the appellee Aetna Life Insurance Company ("Aetna") had issued a $36,000.00 insurance policy, thereby insuring the life of Mr. Wynn. The beneficiary of that policy was the appellant ("Sara"), who was married to Mr. Wynn at the time of his death. Sara demanded full payment of the insurance policy. Simultaneously, however, Mr. Wynn's ex-spouse, the appellee Marilyn Ann Wynn ("Marilyn"), acting as parent and next friend of two minors, claimed that those minors (who were Mr. Wynn's children) were entitled to the proceeds of the insurance policy, pursuant to a Tennessee divorce decree. Additionally, Marilyn claimed that she was entitled to the proceeds of the policy. Based on the foregoing, Aetna filed an interpleader action in Florida against Sara and Marilyn, alleging in part that all the parties herein were Florida residents.
Aetna had the Sheriff of Fayette County, Tennessee serve a summons (along with the interpleader complaint) upon Sara at her home in Tennessee. Sara, through her Florida attorney, filed a motion to dismiss and quash service, contending in part that the Florida court had no jurisdiction over her person. She attached an affidavit to her motion, attesting that she, as well as Marilyn and the two minors, were all residents of Tennessee. Sara also attested that she had no ties with or property in the State of Florida, and that while she moved to Florida in September 1978 to accompany her late husband, she returned to Tennessee following his death in July 1979.
Sara validly contends that she was erroneously served in Tennessee pursuant to § 48.194, Fla. Stat. (1979).[*] The use of this statute requires that Aetna must have alleged a valid cause of action for the exercise of long arm jurisdiction pursuant to § 48.193, Fla. Stat. (1979). See § 48.193(2) and (3), Fla. Stat.; Gaskill v. May Bros., *146 Inc., 372 So.2d 98, 99 (Fla. 2d DCA 1979); P.S.R. Assoc. v. Artcraft-Health, 364 So.2d 855, 857 (Fla. 2d DCA 1978). The failure to adequately allege a basis for long arm jurisdiction under § 48.193, Fla. Stat., voids any service of process made pursuant to § 48.194, Fla. Stat., with the result there would be no in personam jurisdiction over Sara. See Gaskill, 372 So.2d at 99.
In order to plead a valid cause of action for the exercise of long arm jurisdiction, Aetna must first allege sufficient facts to fall within the actual language of § 48.193, Fla. Stat. See Electro Eng. Products Co. v. Lewis, 352 So.2d 862, 864 (Fla. 1977). After carefully reviewing Aetna's Complaint for Interpleader and Declaratory Relief, we have determined that Aetna has totally failed to plead any facts establishing the basis for long arm jurisdiction over Sara. Given this fact alone, Sara's motion should have been granted, even without any supporting affidavits. See Guritz v. American Motivate, Inc., 386 So.2d 60, 62 (Fla. 2d DCA 1980). Of course, Sara's affidavits strengthen the basis for her motion, and Aetna completely failed to adequately respond to that motion.
Based on the preceding, the trial court's Order is reversed, and this cause is remanded with instructions to dismiss this action against the appellant.
SHAW and WENTWORTH, JJ., concur.
NOTES
[*] Insofar as service of process was used as a means of effecting jurisdiction over Sara, the trial court's denial of Sara's motion to quash service may be reviewed on this appeal from a non-final order. Fla.R.App.P. 9.130(a)(3)(C)(i) allows for appellate review of a non-final order which determines "jurisdiction of the person," and as noted in American Health Ass'n., Inc. v. Helprin, 357 So.2d 204, 205 (Fla. 4th DCA 1978), "jurisdiction over the person, for example, refers to service of process... ."