460 So.2d 580 (1984)
INTERNATIONAL HARVESTER COMPANY, a Corporation, Paul L. Rice, Kenlaw and Mann International, Inc., a Corporation, Appellants,
v.
C. Rex MANN, Appellee.
No. BA-241.
District Court of Appeal of Florida, First District.
December 19, 1984.
*581 Alan C. Sundberg, Sylvia H. Walbolt and W. Douglas Hall of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tallahassee, for appellants.
Frank A. Baker, Marianna, for appellee.
SHIVERS, Judge.
Defendants/appellants appeal an order denying their motion to dismiss for lack of personal jurisdiction over defendants Price and Law.
Defendant/appellant Mann International, Inc. (MI) is a Delaware corporation, authorized to do business in Florida and having its sole place of business in Jackson County, Florida. MI's board of directors consists of appellee Mann, a Florida resident, and appellants Price and Law, both Georgia residents. Defendant/appellant International Harvester, also a foreign corporation authorized to do business in Florida, owns 100% of the voting and preferred stock of MI, while appellee Mann owns 100% of the non-voting stock.
Suit was filed by Mann in Jackson County, Florida, following action taken by International Harvester, Price, and Law to liquidate all assets of MI by transferring those assets to International Harvester at a price substantially below fair market value. The meeting at which the decision was made to liquidate was held in Delaware and Mann received no notice of the liquidation, the effect being to deprive him of his ownership interest in MI without payment of any compensation.
Count I of appellee's complaint was a shareholder's derivative action brought on behalf of MI, alleging breach of fiduciary duty owed to MI by appellant. Appellee claimed that MI suffered damages to its inventory and to its value as an ongoing business concern by reason of defendant's actions. Count II was an action brought by appellee individually for breach of fiduciary duty owed to him by appellant. That count claimed that appellants' actions were taken for the purpose of defrauding appellee and were calculated to render the value of his shares in MI worthless. Process was served upon appellants Price and Law in Georgia, after which they moved to dismiss the complaint for lack of personal jurisdiction. The denial of that motion resulted in this appeal.
Section 48.193(1), Florida Statutes (1983) authorizes personal service on a non-resident who:
(a) Operates, conducts, engages in, or carries on a business or business venture in this state or has an office or agency in this state.
(b) Commits a tortious act within this state.
Plaintiff/Appellee has conceded to appellants' argument that subsection (a) cannot form the basis for personal jurisdiction in this case, as he has not alleged that Price or Law were engaged in business as individuals, but only as directors of MI. Therefore, if the trial court's jurisdiction is to be affirmed, it must be based upon a finding that appellants Price and Law have committed a tort within the state of Florida.
It is well-established that the commission of a tort for purposes of establishing long-arm jurisdiction does not require physical entry into the state, but merely requires that the place of injury be within Florida. Lee B. Stern & Co., Ltd. v. Green, 398 So.2d 918 (Fla. 3rd DCA 1981); Bangor Punta Operations, Inc. v. Universal Marine Co., 543 F.2d 1107 (5th Cir.1976); Rebozo v. Washington Post Co., 515 F.2d 1208 (5th Cir.1975). Based upon that interpretation of subsection (b), appellee asserts that, assuming arguendo the defendants' actions originated elsewhere, they culminated in Jackson County, Florida in (1) effecting an improper transfer of MI's Florida assets to International Harvester, (2) depriving Mann of his ownership interest in his Florida business without compensation, and (3) depriving MI of its value as an ongoing Florida business concern. Appellee also correctly states that the commission *582 of a tort within Florida by a non-resident is a sufficient "minimum contact" with Florida to justify personal jurisdiction in light of the federal constitution. Godfrey v. Neumann, 373 So.2d 920 (Fla. 1979).
The Florida courts have consistently held that a plaintiff seeking to assert long-arm jurisdiction over a non-resident must allege in his complaint sufficient facts to fall within the language of Section 48.193, Florida Statutes. Wynn v. Aetna Life Insurance Co., 400 So.2d 144 (Fla. 1st DCA 1981); Electro Engineering Products Co., Inc. v. Lewis, 352 So.2d 862 (Fla. 1977). We believe that plaintiff/appellee did so in this case. Although MI was formed as a corporation under the laws of Delaware, its physical assets and its operation as a business were solely within the state of Florida. Therefore, any injury to its inventory or operation as a business concern, as alleged, must have occurred within Florida.
Appellant has asserted the argument that the situs of plaintiff's stock is in Delaware, the state of incorporation, thus the damage to the value of plaintiff's stock and the jurisdiction of this suit lie in Delaware, if anywhere. Although the general rule states that stock may have a situs in the state of incorporation for purposes of determining rights and claims thereto, Jellenik v. Huron Copper Mining Co., 177 U.S. 1, 20 S.Ct. 559, 44 L.Ed. 647 (1900), it is also well-recognized that the situs may be elsewhere for other purposes. Krizanek v. Smith, 32 Del. Ch. 513, 87 A.2d 871 (1952). The issue of the situs of stock for purposes of pin-pointing the location of an injury and thereby establishing Florida long-arm jurisdiction, however, has not as yet been decided. While we recognize that the question is interesting, we find it unnecessary to address in this case as plaintiff's complaint contains sufficient alternative allegations of injury within Florida upon which to base personal jurisdiction.
Accordingly, the denial of appellant's motion to dismiss is affirmed.
WENTWORTH and NIMMONS, JJ., concur.