ERVIN, Chief Judge.
This is an appeal from a non-final order finding that the court has jurisdiction over appellant, a third-party defendant below, and denying appellant’s motion to dismiss the third-party complaint against it for failure to state a cause of action. We reverse on the ground that the trial court does not have personal jurisdiction over appellant.
On November 4, 1983, Lee Vinson filed, in the circuit court for Escambia County, Florida, an amended complaint to quiet title against Rebecca Sandusky which alleged: (1) Lee Vinson legally owns an undivided one-half interest in real property located in Escambia County; (2) Lee Vinson’s chain of title includes a July 24, 1967 assignment of a lease of that property to Lee Vinson and her husband at that time, Eugene Vinson; (3) a quitclaim deed, dated February 21, 1974, found in the public records, and on its face signed by Lee Vinson, purports to transfer Lee Vinson’s interest in the leasehold to Eugene Vinson, her then ex-husband; (4) the 1974 quitclaim deed is fraudulent since Lee Vinson did not execute a deed conveying Florida property; and (5) on September 2, 1977, Eugene Vinson, again by quitclaim deed, purported to transfer all interest in the property in question to the defendant, Sandusky. Lee Vinson filed her quiet title suit after the death of her ex-husband, Eugene Vinson.
On April 3, 1984, Sandusky filed a third-party complaint in Escambia County, Florida, against both Jaynice L. Vinson, the conservator, and the Estate of Eugene Vinson, alleging (1) the actions which formed the basis of Lee Vinson’s allegations and complaint occurred in Escambia County; (2) if Lee Vinson’s allegations are proven and accepted by the court as true, and Lee Vins'on succeeds in her action, then San-dusky is entitled to recover from the Estate and appellant all damages incurred by San-dusky as the result of the alleged fraudulent actions of Eugene Vinson.
The Estate and appellant each filed a motion to quash service of process and to dismiss, based on the grounds of lack of jurisdiction over the person and the subject matter, and failure to state a cause of action. The Estate attached to its motion a copy of a February 1984 final judgment of the Chancery Court of Lauderdale County, Mississippi, closing the Estate and authorizing transfer of unspecified “accounts” to the Conservatorship of Eugene Clint Vinson, its ward.[1] Appellant attached affidavits of Jaynice Vinson and John E. Howell to its motion. Jaynice Vinson’s affidavit states that she has acted as conservator of the Conservatorship from the time of its May 1983 inception in Mississippi until May 7, 1984. Howell, a Mississippi attorney, states in one of his two affidavits that, as of May 7, 1984, he has served as the conservator of the Conservatorship. All of the affidavits state that neither the Conserva-torship nor the ward, Eugene Clint Vinson, own or have ever owned any property in Florida, and that the ward has never resided in Florida. Sandusky filed a memorandum in opposition to appellant’s motions.
After a hearing and a review of the parties’ memorandums and affidavits, the trial court issued an order dismissing the third party complaint against the Estate, but denying appellant’s motion to quash service of process and to dismiss. The court specifically found that it has “personal and subject matter jurisdiction on the claim against the [Cjonservatorship”. The court also denied appellant’s motion to dis *423 miss for failure to state a cause of action. The dismissal of the suit against the Estate was not appealed.
“The Florida courts have consistently held that a plaintiff seeking to assert long-arm jurisdiction over a non-resident must allege in his complaint sufficient facts to fall within the language of Section 48.193, Florida Statutes.” International Harvester Company v. Mann, 460 So.2d 580, 582 (Fla. 1st DCA 1984). We believe that Sandusky did not meet that initial burden in her third-party complaint against appellant. Sandusky argues that the amended complaint, incorporated by reference into the third-party complaint, contains sufficient jurisdictional facts to satisfy Section 48.-193(l)(b), Florida Statutes. That subsection of Florida’s long arm statute provides that a non-resident who personally or through an agent “[cjommits a tortious act within this state”, submits himself “to the jurisdiction of the courts of this state for any cause of action arising from the doing of” that act. In the case at bar, Eugene Vinson — not the Conservatorship, the conservator or the ward — allegedly committed a fraudulent act. Since the third-party complaint alleges no other contacts between appellant and Florida, that complaint contains no facts establishing the basis for long arm jurisdiction over appellant. Given that fact alone, appellant’s motion to quash and to dismiss for lack of personal jurisdiction should have been granted. Wynn v. Aetna Life Insurance Company, 400 So.2d 144 (Fla. 1st DCA 1981); see also Mann, 460 So.2d at 582. Moreover, appellant’s unrefuted affidavits state that neither the Conservatorship nor the ward has ever owned any property in Florida, and that the ward has never resided in Florida. Therefore, Sandusky met neither her initial burden of setting out sufficient jurisdictional facts in her third-party complaint, nor her burden, following appellant’s motion and affidavits, to show by competent proof justification for application of the long arm statute. See Elmex Corporation v. Atlantic Federal Savings & Loan Association, 325 So.2d 58, 62 (Fla. 4th DCA 1976). Also, appellant’s affidavits demonstrate that Sandusky cannot establish jurisdiction by applying Section 744.306(2), Florida Statutes, which states: “Guardians appointed in any state, territory, or country may be sued in this state concerning the property or person of the ward in this state and may defend any action or proceeding in this state.” (e.s.)
Since the trial court does not have personal jurisdiction over appellant, the motion to quash service of process and to dismiss should have been granted. Given our disposition of this appeal, we need not address the issue of subject matter jurisdiction, or whether the court erred in denying appellant’s motion to dismiss for failure to state a cause of action.
REVERSED.
SMITH and NIMMONS, JJ., concur.

. Eugene Clint Vinson is the son of Lee and Eugene Vinson.