557 So.2d 186 (1990)
POWERHOUSE, INC., Appellant,
v.
Jerry WALTON and Walton Timber Resources, Inc., a Florida Corporation, Appellees.
No. 89-584.
District Court of Appeal of Florida, First District.
February 20, 1990.
W. Dexter Douglass of Douglass, Cooper, Coppins & Powell, Tallahassee, for appellant.
James O. Shelfer of Gardner, Shelfer & Duggar, P.A., Tallahassee, for appellees.
SMITH, Judge.
This is an appeal and cross-appeal of a final judgment, awarding to Powerhouse, Inc., damages against Walton Timber Resources, Inc. Powerhouse claims error (1) in the trial court's failure to also award damages against appellee codefendant Jerry Walton, individually, and (2) failure to award prejudgment interest. Appellees concede error in the failure to award prejudgment interest, and on cross-appeal urge reversal for insufficiency of evidence to support recovery of damages against Walton Timber Resources, Inc. We affirm in part and reverse in part on the appeal, and remand for further proceedings, and affirm on the cross-appeal.
Powerhouse's argument for judgment of liability against Jerry Walton, individually, is grounded upon the principle that individual officers and agents of a corporation are personally liable for torts committed within the scope of their employment. Lee B. Stern & Co., Ltd. v. Green, 398 So.2d 918 (Fla. 3d DCA 1981), and cases therein cited. While the principle is clear, its application to this case is not.
The cause of action here sued upon arose from alleged shortages in payments owed by Walton Timber for wood purchased from Powerhouse, cut from Powerhouse's land and delivered to the lumber yard of Georgia-Pacific by Mose Hall. Jerry Walton, as an officer and employee of Walton Timber, acted for the corporation in the various transactions giving rise to this lawsuit. We are persuaded that the findings of the trial court, while not free from ambiguity, considered in the light of the allegations of the amended complaint and the proof presented, comport with recovery by plaintiff against the corporate defendant based upon breach of a duty arising from an implied contract, rather than for negligence as urged by Powerhouse. We interpret *187 the trial court's use of the term "negligence" of the defendant (in a sentence in the judgment dealing with prejudgment interest) as a reference to the trial court's finding of Walton Timber's breach of duty by failing to keep accurate records of the money owed to Powerhouse as reflected by the scale tickets from Georgia-Pacific representing timber cut from land belonging to Powerhouse and delivered to it by Mose Hall under the arrangement between the parties. Furthermore, it is abundantly clear that Powerhouse failed to allege a cause of action based on negligence, the amended complaint containing alternative allegations only as to contract, or intentional tort by way of civil theft[1] or fraud. We therefore affirm the trial court's refusal to award damages against Jerry Walton, individually, on the breach of contract claim.
We do, however, find merit in Powerhouse's contention that the trial court determined the fraud issue under an erroneous standard of proof. The final judgment recites, in part:
The Court further finds that the evidence was insufficient to "pierce the corporate veil," and that the Court finds that in order to prove fraud the Plaintiff was required to prove the same by clear and convincing evidence, and that using that standard, the Plaintiff failed to prove fraud, and therefore the Plaintiff is not entitled to a judgment against Jerry Walton, personally.
As conceded by appellees, the quantum of proof necessary to support an action for fraud is "preponderance" or "greater weight" of the evidence. See, Wieczoreck v. H & H Builders, Inc., 475 So.2d 227 (Fla. 1985).
With respect to the fraud issue, we are mindful that while a misconception by the trial judge can constitute grounds for reversal, Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979), we are commanded under the harmless error statute not to reverse unless "after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice." § 59.041, F.S. A party is entitled to have his case judged under a correct standard of proof; and it is conceivable to us that a "miscarriage of justice" can occur when an incorrect standard is applied. Therefore, because we cannot determine from an examination of the entire record that had the proper standard been applied there is no reasonable probability that the result would have been different, reversal is required. Damico v. Lundberg, 379 So.2d 964 (Fla. 2d DCA 1979) (error is reversible only when, considering all facts of the case, it is reasonably probable that a result more favorable to the appellant would have been reached if the error had not been committed). We do not suggest, however, that the result would or should have been different in this case without the error, only that a "reasonable probability" of a different result exists. Cf., McArthur v. Cook, 99 So.2d 565 (Fla. 1957).
As for Walton Timber's cross-appeal urging insufficiency of the evidence to support a judgment for breach of contract, we affirm, since we are unable to conclude that there is no view of the evidence which would sustain that ruling by the trial court. Both parties agree that upon affirmance of the judgment Powerhouse is entitled to prejudgment interest on the recovery in its breach of contract action under Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985). Accordingly, we direct entry of an amended final judgment on remand including such interest.
Judgment in favor of Powerhouse against Walton Timber is affirmed, as modified; judgment for Jerry Walton on the action for fraud is reversed, and the cause is remanded for reconsideration of the evidence in accordance with this opinion, provided, that if the trial judge who initially tried the case is unavailable,[2] a new trial shall be held on the fraud issue at the *188 request of either party, or, in the absence of such request, upon order of the trial court in its discretion.
AFFIRMED in part, and REVERSED in part, and REMANDED for further proceedings.
THOMPSON and MINER, JJ., concur.
NOTES
[1] We agree with appellee that evidence does not support an action for civil theft under section 772.11, Florida Statutes. See, Futch v. Head, 511 So.2d 314 (Fla. 1st DCA 1987); Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA 1986).
[2] The court judicially notices that the trial judge who initially sat on this case is now retired.