657 So.2d 44 (1995)
Arthur I. FISHMAN, Inc., Arthur Fishman Jewelers, and Strisa Realty, Appellants,
v.
Roberta FISHMAN, Appellee.
No. 94-3320.
District Court of Appeal of Florida, Fourth District.
June 28, 1995.
*45 Stuart E. Soff of Lavalle, Brown, Ronan & Soff, P.A., Boca Raton, for appellants.
Denise Apter and Joel Weissman of Weissman & Manoff, P.A., West Palm Beach, for appellee.
STEVENSON, Judge.
In this dissolution of marriage action, the wife, in her petition, has claimed interests in three out-of-state corporations  Arthur I. Fishman Inc., Arthur Fishman Jewelers and Strisa Realty  by virtue of their appreciation in value during the marriage and a claimed special equity. These corporations were listed as additional respondents in the wife's amended petition for dissolution and served with process. This is an appeal from an order of the trial court denying the three corporate respondents' motion to dismiss based on lack of in personam jurisdiction. Because we agree with appellants that the allegations in the petition failed to demonstrate a legally sufficient basis for the exercise of long-arm jurisdiction, we reverse.
The appellants raised numerous grounds in support of their motion. In this appeal we only consider one of those grounds  appellants' argument that the complaint failed to properly allege that the corporations have any minimum contacts with Florida or are otherwise subject to Florida's long-arm jurisdiction. We are particularly concerned because it looks from the trial court's order that the corporations' motion to dismiss was denied solely on the ground that the corporations failed to file any affidavits in support of their position that they lack the minimum contacts with Florida needed to satisfy the due process requirement. The trial court considered the lack of affidavits fatal to appellants' motion, citing Venetian Salami v. Parthenais, 554 So.2d 499 (Fla. 1989) and Doe v. Thompson, 620 So.2d 1004 (Fla. 1993). In the context of this case, the trial court's ruling was error.
It is true that in both Venetian Salami and Thompson, the supreme court required the non-resident defendants to (1) file affidavits contesting the allegations of the complaints concerning jurisdiction and (2) raise contentions of insufficient minimum contacts. However, in Venetian Salami and Thompson the allegations in the plaintiffs' complaints were legally sufficient to demonstrate the applicability of the long-arm statute. This then placed the burden on the defendants to contest the jurisdictional allegations contained in those complaints by sworn affidavits. However, where the petitioner or plaintiff has not first pled a legally sufficient basis for long-arm jurisdiction, the defendant or respondent need not come forward with affidavits to prove a negative  that is, that there is no jurisdiction. See Wynn v. Aetna Life Ins. Co., 400 So.2d 144 (Fla. 1st DCA 1981). See also 8100 R.R. Ave. Trust v. Tansill Constr. Co., 638 So.2d 149 (Fla. 4th DCA 1994). As we explain below, the latter is the case which we have here.
We find no precedent for the wife's position that the trial court, in a dissolution action, obtains in personam jurisdiction over a foreign corporation merely because some of its assets represent marital property of a Florida marriage. The wife claims an interest in the corporations because she and her husband placed marital funds and labor in the corporations and because the corporations increased in value during the marriage. In addition, she claims a special equity in the corporations because of her extraordinary *46 marital contributions. These claims do not constitute the type of allegations sufficient to bring a foreign corporation within the jurisdictional reach of this forum. See Manus v. Manus, 193 So.2d 236 (Fla. 4th DCA 1966). The statutory grounds for long-arm jurisdiction are found in Chapter 48, Florida Statutes and include such things as operating a business in this state, owning real property in this state, committing a tortious act in this state, breaching a contract in this state, or engaging in substantial business activity in this state.
The wife reads Lee B. Stern & Co., Ltd. v. Green, 398 So.2d 918 (Fla. 3d DCA 1981) as supporting the precept that jurisdiction may be properly extended to a foreign corporation in a marriage dissolution case if that foreign corporation controls marital assets. However, a close look at Green reveals that jurisdiction was obtained over the foreign corporation because it was alleged that certain marital assets were unlawfully removed from the state or improperly encumbered within the state by the foreign corporation. In other words, the jurisdictional allegations were predicated on the alleged commission of a tortious act within the state of Florida. The wife in the instant case has made no such allegations.
Reversed and remanded.
GLICKSTEIN and KLEIN, JJ., concur.