# Third District Court of Appeal

## State of Florida

Opinion filed December 26, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-990
Lower Tribunal No. 13-27747
_____


**John A. Daum, etc., et al.,**
Appellants,

vs.

**Adweiss, LLLP, etc., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, John Schlesinger, Judge.

Philip D. Parrish, P.A., and Philip D. Parrish, for appellants.

Law Office of Dennis Grossman, and Dennis Grossman; Law Office of Max R. Price, P.A., and Max R. Price, for appellees.


Before EMAS, FERNANDEZ, and LOGUE, JJ.

PER CURIAM.

John A. Daum and JAD Services, LLC, which is wholly owned by Daum, appeal a final judgment entered after a bench trial holding them jointly and several liable to return with interest certain funds Daum paid them out of the assets of Adweiss, LLC and Adweiss, LLLP. Daum made the payments while he served as the general manager of Adweiss, LLC, which in turn, served as the general partner of Adweiss, LLLP.

Having carefully considered the arguments of the parties, the record, and the trial court's meticulous thirty-two page Findings of Fact and Conclusions of Law, we find nothing that warrants reversal, with one small exception.[1] See Capital Bank v. MVB, Inc., 644 So. 2d 515, 520 (Fla. 3d DCA 1994) ("A fiduciary owes to its beneficiary the duty to refrain from self-dealing, the duty of loyalty, the overall duty not to take unfair advantage and to act in the best interest of the other party, and the duty to disclose material facts."); Variety Children's Hosp., Inc. v. Vigliotti, 385 So. 2d 1052, 1053-54 (Fla. 3d DCA 1980) (despite governing contract, unjust enrichment claim allowed between parties who did not have a contract with each other); Joseph v. Chanin, 940 So. 2d 483, 486 (Fla. 4th DCA 2006) (final judgment

---

[1] The final judgment is reversed to the extent it awards Adweiss LLC recovery on the Appellees' cause of action for conversion. Belford Trucking Co. v. Zagar, 243 So. 2d 646, 648 (Fla. 4th DCA1970) ("an action in tort is inappropriate where the basis of the suit is a contract, either express or implied.").

in a conversion case allowed to stand where funds were withdrawn from bank account); Powerhouse, Inc. v. Walton, 557 So. 2d 186, 186 (Fla. 1st DCA 1990) ("[I]ndividual officers and agents of a corporation are personally liable for torts committed within the scope of their employment," and joint and several liability may apply to both the individual who perpetrated the tort and the company for whom he worked).

We therefore reverse in part and remand to the trial court to amend paragraph two of the final judgment to the extent it awarded damages, prejudgment interest or other relief to Adweiss, LLC on the cause of action for conversion, and for any further proceedings not inconsistent with this opinion. The final judgment is, in all other respects, affirmed.